NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM O. SIZEMORE,                    )        No. C 08-05421 JF (PR)
                                        )
                 Petitioner,            )        ORDER TO SHOW CAUSE
                                        )
      vs.                               )
                                        )
                                        )
BEN CURRY, Warden,                      )
                                        )
                 Respondent.            )
_____  )

       Petitioner, a state prisoner currently incarcerated at the Correctional Training
Facility in Soledad, California, seeks petition in pro se for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the Board of Parole
Hearings ("BPH") on March 26, 2007.  Petitioner has paid the filing fee.  The Court
orders Respondent to show cause why the petition should not be granted.


**STATEMENT**

       In 1983, Petitioner was sentenced to a term of 27 years to life in state prison after
being found guilty by a jury of first degree murder and vehicle theft in Stanislaus County
Superior Court.  The BPH found Petitioner unsuitable for parole after a third parole
suitability hearing on March 26, 2007.  (Pet. 6.)  Petitioner sought habeas relief in the

state superior court, state appellate court, and state supreme court, all of which were denied.  Thereafter, Petitioner filed the instant federal petition on December 2, 2008.

## DISCUSSION

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges that the BPH's decision denying parole violated his right to due process because 1) the decision was not supported by "some evidence"; 2) the decision deprived him of his "federally protected liberty interest"; and 3) the decision relying on unchanging faces was "egregious."  (Pet. 6.) Liberally construed, Petitioner's claim is cognizable under § 2254.  The Court orders Respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## CONCLUSION

1.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of

the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the answer.

3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

4.     It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: ___4/20/09_____

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


WILLIAM SIZEMORE,

                Petitioner,

  v.

BEN CURRY, Warden,

                Respondent.

_____/

Case Number: CV08-05421 JF

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ___5/11/09_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


William O. Sizemore C-89029
Corr Training Facility - Soledad
P.O. Box 689
Soledad, CA 93960


Dated: ___5/11/09_____

                        Richard W. Wieking, Clerk