*E-Filed 9/28/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WILLIAM SIZEMORE,                              No. C 08-5421 RS (PR)

        Petitioner,                         **ORDER DENYING PETITION FOR**
**WRIT OF HABEAS CORPUS**

    v.

BEN CURRY, Warden,

        Respondent.
_____/

## INTRODUCTION

    This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the petition is DENIED.

## BACKGROUND

    In 1983, a Stanislaus County Superior Court jury convicted petitioner of first degree murder and theft of a vehicle.  The trial court sentenced petitioner to twenty-seven years to life in state prison.  In 2007, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole on grounds that he "poses an unreasonable risk of danger to society or a threat to public safety if released from prison."  (Ans., Ex. 1 at 177.)  In response to the

1    Board's decision, petitioner sought, though was denied, relief on state collateral review.

2    (Pet. at 4–5.)  This federal habeas petition followed.

3         In reaching its decision, the Board considered the facts of the commitment offense,

4    summarized as follows:  In 1983, petitioner, who had little money, met Mike Chandler, and

5    hitchhiked with him from Columbus, Ohio to Medford, Oregon.  In Medford, the pair met

6    victim James Martin, a person on vacation, who was travelling in his Winnebago, which was

7    full of jewelry Martin planned to sell during the trip.  On October 20, 1983, petitioner,

8    Chandler, and Martin, and Dwayne Reed, another person the three had met, spent the night in

9    the Winnebago.  That evening, petitioner, Chandler, and Reed discussed robbing Martin, and

10   taking the Winnebago.  Reed wanted no part of this plan.  (Ans., Ex. 2 at 15–17.)

11        The next day, petitioner, Chandler, and Martin dropped Reed off in Phoenix, Oregon.

12   The remaining three continued driving.  Petitioner drove for a time in the evening, eventually

13   stopping the vehicle on a dirt road so that the three could urinate.  During this break,

14   Chandler grabbed Martin, threw him against a tree, and shot him three times, killing him,

15   while petitioner stood by.  Petitioner and Chandler left Martin there, and drove off to

16   Columbus, Ohio.  During this trip, the pair used Martin's credit card to buy gasoline.  In Des

17   Moines, Iowa petitioner struck one gas station attendant, Curtis Clark, over the head after

18   Clark helped the pair jumpstart the Winnebago.  The pair then forced Clark to open up the

19   gas station's cash register from which money was taken before they drove off with Clark in

20   the Winnebago.  After driving for twenty minutes, the men stopped and exited from the

21   vehicle to discuss what to do next.  Clark took this opportunity to drive off in the Winnebago,

22   escaping his captors.  (*Id.* at 17–20.)  The Board was troubled by these facts, particularly that

23   the crimes had more than one victim, involved a kidnapping and assault, all for the trivial

24   motive of greed.  (*Id.* at 118–19.)

25        In addition to the circumstances of the commitment offense, the Board cited as factors

26   in its decision petitioner's social history, his behavior in prison, and his parole plans.

27

28

No. C 08-5421 RS (PR)
ORDER DENYING PETITION

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1   Petitioner's social history evidences, in the Board's opinion, "a history of somewhat unstable

2   and tumultuous relationships with others." (*Id.* at 120.)  Petitioner's father died when

3   petitioner was ten, a loss which caused his mother to neglect her parental duties, resulting in

4   petitioner's going to live with his relations, and later in a group home. (*Id.* at 120–21.)

5   Petitioner's prison disciplinary record includes three serious disciplinary citations, the last in

6   1994 — for participating in a work strike — and three minor disciplinary citations, the last in

7   2004. (*Id.* at 121.)  Also, the Board was concerned by petitioner's lack of parole plans in

8   California.  Although petitioner had some specific plans for a post-release life near his family

9   in Idaho, Iowa, and Ohio, *id.* at 62–63, he had vague plans for a life in California, *id.* at

10  64–69.  The Board can parole petitioner only to California, and any plans for an inter-state

11  transfer of parole release were not arranged prior to the 2007 hearing. (*Id.* at 72–74.)  The

12  Board also voiced concern about petitioner's past alcohol abuse and its relation to the

13  commitment offense. (*Id.* at 60–61.)  In light of all these factors, the Board concluded that

14  petitioner posed an unreasonable threat to public safety and denied him parole. (*Id.* at 177.)

15      As grounds for federal habeas relief, petitioner alleges (1) the decision was not

16  supported by "some evidence"; (2) the decision deprived him of his "federally protected

17  liberty interest"; and (3) the decision relying on unchanging factors was "egregious."

18                              **STANDARD OF REVIEW**

19      This court may entertain a petition for writ of habeas corpus "in behalf of a person in

20  custody pursuant to the judgment of a State court only on the ground that he is in custody in

21  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

22  The petition may not be granted with respect to any claim that was adjudicated on the merits

23  in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that

24  was contrary to, or involved an unreasonable application of, clearly established Federal law,

25  as determined by the Supreme Court of the United States; or (2) resulted in a decision that

26  was based on an unreasonable determination of the facts in light of the evidence presented in

27

28

1  the State court proceeding." 28 U.S.C. § 2254(d).

2      "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

3  court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

4  law or if the state court decides a case differently than [the] Court has on a set of materially

5  indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under

6  the 'unreasonable application' clause, a federal habeas court may grant the writ if the state

7  court identifies the correct governing legal principle from [the] Court's decision but

8  unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A]

9  federal habeas court may not issue the writ simply because that court concludes in its

10 independent judgment that the relevant state-court decision applied clearly established

11 federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

12 *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask

13 whether the state court's application of clearly established federal law was "objectively

14 unreasonable." *Id*. at 409.

15                    **DISCUSSION**

16     Petitioner claims that the Board's decision violated his right to due process because it

17 was not based on "some evidence" that he currently poses an unreasonable risk to public

18 safety. Due process requires that the Board's decision to deny a California prisoner parole be

19 supported by "some evidence" of current dangerousness. *Hayward v. Marshall*, 603 F.3d

20 546 (9th Cir. 2010); *see also Pearson v. Muntz*, No. 08-55728, 2010 WL  -- (9th Cir. May 24,

21 2010) (per curium). Accordingly, in reviewing federal habeas claims that a California

22 prisoner was denied parole in violation of due process, courts must "decide whether the

23 California judicial decision approving the governor's [or the parole board's] decision

24 rejecting parole was an "unreasonable application" of the California "some evidence"

25 requirement, or was "based on an unreasonable determination of the facts in light of the

26 evidence." *Hayward*, 604 F.3d at 562–63.

27

28

No. C 08-5421 RS (PR)
ORDER DENYING PETITION

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   The commitment offense alone does not always provide evidence that a petitioner

2   poses a current threat to public safety.  *Id*. at 562.  The offense does not establish current

3   dangerousness "unless the record also establishes that something in the prisoner's pre- or

4   post-incarceration history, or his or her current demeanor and mental state" supports an

5   inference of dangerousness.  *Id*. (citing *In re Lawrence*, 44 Cal. 4th 1181, 1214 (Cal. 2008)).

6   Here, the record shows that there was "some evidence" to support the state court's

7   approval of the Board's parole denial.  First, the circumstances surrounding the commitment

8   offense suggest that petitioner is capable of committing acts of impulsive violence for trivial

9   reasons.  Second, the record establishes that petitioner's post-conviction history supports an

10  inference of current dangerousness — in particular his citation for participation in a work

11  strike, and his quite vague parole plans for a post-release life in California.

12  It is reasonable to infer from this record of past violence and recent misbehavior and

13  lack of parole planning that, if released, petitioner currently poses an unreasonable risk of

14  danger to society, or a threat to public safety.  The lack of parole plans gains significance

15  when one considers that the motivation for the commitment offenses was that petitioner had

16  little money and wanted more.  Because the Board's decision is supported by sufficient

17  evidence in the record, including circumstances other than those of the commitment offense,

18  petitioner's claims that the Board's decision was (1) unsupported by "some evidence,"

19  (2) "egregious" and (3) deprived petitioner of his federally protected liberty interest are

20  DENIED.

21  In sum, the state court's approval of the Board's decision, therefore, was not an

22  "unreasonable application" of the California "some evidence" requirement, nor was it "based

23  on an unreasonable determination of the facts in light of the evidence."

24                                         **CONCLUSION**

25  The state court's denial of petitioner's claims did not result in a decision that was

26  contrary to, or involved an unreasonable application of, clearly established federal law, nor

27

28

No. C 08-5421 RS (PR)
ORDER DENYING PETITION

did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

A certificate of appealability will not issue.  Petitioner has not shown that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED:  September 28, 2010

RICHARD SEEBORG
United States District Judge

United States **District Court**
For the Northern District of California

No. C 08-5421 RS (PR)
ORDER DENYING PETITION

6